UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

RONALD JOHN MISTURAK, JR.,          :
    Plaintiff,                              :
                                            :
v.                                              :    No. 19-cv-1042
                                            :
TEMPLE HOSPITAL, *et al.*,              :
    Defendants.                         :

## MEMORANDUM

**Joseph F. Leeson, Jr.**                                                    **March 15, 2019**
**United States District Judge**

    *Pro se* Plaintiff Ronald John Misturak, Jr. has filed this civil action against Temple Hospital, "Social Security Insurance," Sarah Miller, and Carolyn W. Colvin, the former Acting Commissioner of the Social Security Administration. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Misturak leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

**I.**     **FACTS**

    As is typical with Misturak's filings in this Court, his Complaint is difficult to understand. Misturak mentions that he was put into a mental hospital and that his Supplemental Security Income ("SSI") was taken. (Compl. at 6.)[1] He called the police and the FBI to report that his property had been stolen and that he had been "hit on [the] head by someone that should not be there he couldn't walk on drugs to [retaliate] on me." (*Id.* at 7.) Misturak mentions that

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

last month he received $693.00 (presumably a reference to SSI) and that he is supposed to receive $750.00. (*Id.*) He suggests that he was sent to the mental hospital by Sarah Miller. (*Id.*)

The remainder of Misturak's Complaint consists of disjoined letters and phrases, such as "case numbers explain I should air force president slip tank," "supernatural," and "wagon wheel." (*Id.* at 10-11.) He has also attached a copy of an Incidental Findings Report from the Temple University Hospital, dated January 5, 2018. (*Id.* at 12-13.) It is unclear what relief Misturak seeks.

## II.     STANDARD OF REVIEW

The Court will grant Misturak leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Misturak is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if

any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

**III. DISCUSSION**

Overall, the Complaint, as pled, simply fails to "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Id.* It is not clear to the Court whether Misturak is attempting to seek review of an administrative decision regarding Social Security benefits. It is also not clear how any of the Defendants are liable to Misturak.

Misturak indicates that he is invoking this Court's federal question and diversity jurisdiction over this case. (Compl. at 6.) From the way the Complaint is pled, however, the Court cannot discern any plausible basis for a federal claim for relief.[2] To the extent Misturak is raising state law tort claims, the only basis for the Court to exercise subject matter jurisdiction over such claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction

---

[2] To the extent that Misturak is challenging any decisions made by the Social Security Administration regarding his SSI benefits, he must first exhaust his remedies with the agency. "Jurisdiction over Social Security benefits cases, including SSI cases, is provided by 42 U.S.C. § 405(g), which provides, in relevant part: '[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party[,] . . . may obtain a review of such decision by a civil action . . . .'" *Callender v. Soc. Sec. Admin.*, 275 F. App'x 174, 175 (3d Cir. 2008) (per curiam). "A 'final decision' of the Commissioner exists only after a claimant has exhausted a four-step administrative process which requires: 1) an initial determination; 2) reconsideration upon request; 3) a hearing before an administrative law judge; and 4) a review by the Appeals Council." *Brown v. Comm'r of Soc. Sec.*, No. CV 17-1123 (SDW), 2017 WL 5618623, at *1 (D.N.J. Nov. 20, 2017) (citing 20 C.F.R. § 416.1400(a)(5)). Here, it is not clear that Misturak has completed the administrative process.

over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Here, it is not clear what relief Misturak seeks. Moreover, he has provided Pennsylvania addresses for himself and some of the Defendants, suggesting that complete diversity does not exist. Thus, Misturak has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims that he may be raising. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Misturak leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. This dismissal will be without prejudice to Misturak's right to file an amended complaint within thirty (30) days if he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**